**In re Donald R. MILLER and Barbara Miller T/A Susquehanna Stoves, Debtors.**

**Bankruptcy No. 81–03527G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 15, 1981.

Edward J. DiDonato, Nancy V. Alquist, Philadelphia, Pa., for debtors, Donald R. Miller and Barbara E. Miller t/a Susquehanna Stoves.

Jack F. Ream, York, Pa., for Commonwealth National Bank.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The instant case is before us on a creditor's motion for a change of venue of the above chapter 13 proceedings. Because we find that venue of this case was improperly laid in this district and that the interest of justice and convenience of the parties does not require that we retain this case, we will grant the motion for a change of venue.

The facts of this case are briefly:[1] On September 2, 1981, Donald R. and Barbara Miller, t/a Susquehanna Stoves ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Bankruptcy Code ("the Code"). On October 26, 1981, the Commonwealth National Bank ("the bank") filed a motion for a change of venue of the chapter 13 proceedings to the United States Bankruptcy Court for the Middle District of Pennsylvania.

The basis of the bank's motion is that the case at bench was improperly filed in this district and that venue properly lies in the Middle District where the debtors reside and conduct their business. We agree with the bank's contention. Section 1472(1) of title 28 states the grounds for determining whether venue is proper.

§ 1472. Venue of cases under title 11. Except as provided in section 1474 of this title, a case under title 11 may be commenced in the bankruptcy court for a district—

(1) in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180-day period that the domicile, residence, principal place of business, in the United States, or principle assets, in the United States, of such person were located in any other district.[2]

In this case, the bank established at trial, through the testimony of one of the debtors, Donald R. Miller,[3] that the debtors had lived in York County[4] for the past twelve years and had paid taxes and sent their children to school in that county during that time. Donald Miller testified further that the debtors conducted their business in York County and that their principal assets (including their farm, warehouse, supplies and business computer) were located there. The evidence offered by the debtors in rebuttal, through cross-examination of Donald Miller, was that the debtors did business through a network of approximately 120 dealers, the majority of whom were located in the Eastern District of Pennsylvania. Donald Miller also stated that the debtors conducted business in the Eastern District through the offices of one of those dealers. In addition, he testified that the offices of the debtors' attorneys and accountants were in the Eastern District of Pennsylvania.

From all of the evidence presented, we conclude that the "domicile, residence, principal place of business... [and] principal assets" of these debtors are in the Middle District of Pennsylvania and that, therefore, venue is properly laid in that district not in this district. This is supported by the testimony that the individual debtors reside in York County and conduct their business from that location. Furthermore, the warehouse and the computer, the latter of which contains all of their business records, are located in York County. The evidence that the debtors also conduct business in the Eastern District of Pennsylvania through their dealers is insufficient to establish this district as their principal place of business.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 1472(1) is effective during the transition period. *See* The Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, §§ 241(a) and 405(b), 92 Stat. 2668, 2686 (1978).

3. Who was called as the bank's witness, and not as for cross-examination.

4. York County is located in the Middle District of Pennsylvania.

Nor was there any evidence that any of the assets of the debtors are located in this district. We therefore conclude that venue of this case was improperly laid in this district.

Even where venue is improper, however, the bankruptcy court in which the case is filed may nonetheless, retain the case if it is "in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1477(a).[5] The courts have interpreted that phrase to require the consideration of the following factors: (1) the proximity of creditors and the debtor to the court, (2) the proximity of witnesses necessary to the administration of the estate, (3) the location of the assets and (4) the economic and efficient administration of the estate.[6] Where the venue of the case is initially laid in the wrong district, the burden of proving that the case should be retained by the court in which the case was improperly filed is on the party seeking to have the court retain, rather than transfer, the case.[7]

With respect to the first and second factors above, the debtors offered evidence that approximately twelve of their creditors are located in the Eastern District of Pennsylvania while several others are located in nearby New Jersey and Delaware. The debtors also offered evidence that their accountant and attorneys are located in this district. Although the bank failed to produce any evidence of the location of any of the other creditors of the debtors,[8] it did establish that it was itself located in the

Middle District. The bank also proved that the debtors, their employees and their former accountant all reside in the Middle District of Pennsylvania.

Based on the first two factors alone, we would be unable to determine whether it was "in the interest of justice and for the convenience of the parties" to retain or to transfer this case. However, the evidence with respect to the last two factors convinces us to transfer this case. The testimony on those issues was that the principal assets (if not all of the assets) of the debtors are located in the Middle District. Furthermore, because the debtors themselves, as well as the computer containing the business records, are located in the Middle District, the economic and efficient administration of their estate requires that their case be transferred to and administered in the Middle District of Pennsylvania. The debtors, on whom the burden of proof rests, have failed to convince us otherwise.

The debtors contend that the bank's motion is untimely filed because it consented to the jurisdiction and venue of this court by having previously filed an adversary proceeding in this case. We disagree. Although § 1477 of title 28 does not contain any guidelines as to when a motion for a change of venue is timely, Rule 116(b)(2) of the Rules of Bankruptcy Procedure (which is superseded by § 1477 of the Bankruptcy Code) provided that such a motion was timely if made before the first meeting of creditors.[9] In the instant case, the first

---

5. Section 1477 of title 28 is also effective during the transition period. *See* note 2 *supra.*

6. *In re Birchminster Corp.*, 6 B.R. 258, 6 B.C.D. 976 (Bkrtcy.E.D.Pa.1980). The language of 28 U.S.C. § 1477(a) is identical to that used in Rule 116(b)(1) and (2) of the Rules of Bankruptcy Procedure and courts which have interpreted that Rule have also held that it requires the consideration of the above four factors. *See, e.g., In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239 (5th Cir. 1979), *aff'g*, 17 C.B.C. 715 (W.D.Tex.1978); *In re Bankers Trust*, 403 F.2d 16 (7th Cir. 1968); *In re Gulf Mfg. Co.*, 18 C.B.C. 75 (S.D.N.Y.1978); *In re Dutch Inn of Orlando, Ltd.*, 11 C.B.C. 145 (S.D.Fla.1977). *See generally*, 1 Collier on Bankruptcy ¶ 3.02[4] and [6] (15th ed. 1980).

7. *See* 1 Collier on Bankruptcy ¶ 3.02[6][b] at 3-213 and cases cited therein.

8. Although the names and addresses of the creditors are listed in the debtors' schedules, those schedules were not offered into evidence and are, thus, not before us. *See, e.g., In re Birchminster Corp.*, 6 B.R. 258, 260, 6 B.C.D. 976, 977 (Bkrtcy.E.D.Pa.1980), *citing In re Aughenbaugh*, 125 F.2d 887 (3d Cir. 1942).

9. Rule 116(b)(2) provided:

    (2) When Venue Improper. If a petition is filed in a wrong district, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, dismiss the case or, in the interest of

meeting of creditors has not yet been held. But, regardless of whether or not the date of the first meeting of creditors is used to determine the timeliness of a motion for a change of venue, we conclude that the instant case has not progressed to the point where it would be unfair to the debtors or to their creditors to transfer the case. No first meeting of creditors having been held, no plan having been proposed, and no operating statements having been filed,[10] we conclude that the bank's motion for a change of venue is not untimely. What is more, we conclude that the fact that the bank has previously filed an adversary proceeding in this court against the debtors does not preclude the bank from requesting a change of venue. Nothing in § 1477 suggests that the bank is so precluded.

justice and for the convenience of the parties, retain the case or transfer it to any other district. Such an order may be made at or before the first meeting of creditors either on the court's own initiative or on motion of a party in interest but thereafter only on a timely motion. Nothwithstanding the foregoing, the court may without a hearing retain a case filed in a wrong district if no objection is raised.

10. *See* 11 U.S.C. §§ 1304(c) and 704(7). *See also*, Rule 218(4) of the Rules of Bankruptcy Procedure.