**In re PUBCO CORPORATION, Debtor.**

**In re MERKLE PRESS, INC., Debtor.**

**Bankruptcy Nos. 82–03094K, 82–03095K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 14, 1983.

Marvin Krasny, Gary D. Bressler, Philadelphia, Pa., for Creditors' Committee.

Murray Drabkin, Cadwalader, Wickersham & Taft, Washington, D.C., Joseph P. Dougher, Philadelphia, Pa., for Norton Simon, Inc. Museum of Art.

Howard Glassman, Philadelphia, Pa., for debtors.

1. The motion was actually filed by Norton Simon, Inc., a creditor of the Debtor, on August 3, 1982. On November 1, 1982, this Court approved a stipulation whereby the Debtor agreed and consented to the entry of an Order permitting the substitution of the Creditors'

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This matter reaches the court on the Creditors' Committee's motion to transfer venue of the cases of Pubco Corporation and Merkle Press, Inc. to the Eastern District of Virginia, Alexandria Division.[1]

The facts of the case are as follows: [2] On July 2, 1982, the Publishers Agency, Inc., ("Publishers") filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Later in the same day, Pubco Corporation ("Pubco") and Merkle Press, Inc., ("Merkle") filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Pubco is the parent corporation of both Merkle and Publishers. It is agreed that the Publishers Agency is located in this district and, therefore, venue for the two (2) related entities could properly lie in the Eastern District of Pennsylvania under the so-called "affiliate rule". See 28 U.S.C. § 1472(2).

The question presented for decision is whether, despite the existence of proper venue, the case should be transferred to the Eastern District of Virginia. Because we find that the transfer of this proceeding is in the interest of justice and will be for the convenience of the parties, the instant motion will be granted.

In a case where jurisdiction exists and venue is proper, the United States Code provides:

A bankruptcy court may transfer a a case under Title 11 or a proceeding arising under or relating to such a case to a bankruptcy court for another district, in

Committee for Norton Simon in the aforesaid Motion.

2. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

the interest of justice and for the convenience of the parties.

28 U.S.C. § 1475.

■ The test is therefore twofold: (1) the interests of justice and (2) the convenience of the parties. This standard is the same as it was under Bankruptcy Rule 116(b)(1) and the cases decided thereunder remain persuasive. 1 *Collier on Bankruptcy,* Para. 3.02[4][d] at 3–202 (15th ed. 1979). *In re Macon Uplands Venture,* 2 B.R. 444 (Bkrtcy.D.Md.1980).

■ The factors generally considered on a motion to transfer of an entire proceeding include: (1) proximity of creditors and the debtor to court; (2) proximity of witnesses necessary to the administration of the estate; (3) location of the assets; and (4) the economic and efficient administration of the estate. *In re Birchminster Corp. of California,* 6 B.R. 258, 260 (Bkrtcy.E.D. Pa.1980). In *Birchminster,* this Court also noted several additional factors considered by the court: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining the attendance of willing witnesses; (3) the enforceability of judgment, if one is obtained; (4) relative advantages and obstacles to a fair trial; (5) a local interest in having localized controversies decided at home; and (6) a trial in the state the laws of which will govern the action. In ruling on motions under § 1475, the factors must be applied on a case-by-case basis. The burden of establishing that the case should be transferred is on the moving party and must be shown by a fair preponderance of the evidence. *In re Macon Uplands Venture, supra,* 2 B.R. at 446.

■ The first factor to be considered is the proximity of creditors to the Court. In their briefs, counsel for the respective parties set forth conflicting arguments as to the location of the debtor's creditors. Counsel for the movant, the Creditors' Committee, argues that there are a greater number of creditors in the Alexandria, Virginia area than there are in the Philadelphia area. Counsel for the debtor argues that the creditors are located across the nation. Conflicting testimony and evidence were presented concerning the location of the creditors. Although the location of creditors weighed heavily in our decision in *Birchminster,* the vast majority of the creditors were clearly located in California. In the instant case, however, neither party has provided such clear proof. Therefore, we find the first factor to be neutral.

The next factor to consider is the location of the debtor. It is admitted that Pubco is located in McLean, Virginia, a short distance from Alexandria. It is also admitted that Pubco's business is operated and controlled from this location. Further, Pubco's key officers and employees reside and work in the nearby Washington, D.C. metropolitan area. Debtor's accountant and general counsel are also located in the Washington, D.C. area. The present officers and employees of Merkle are located in McLean, Virginia. These facts are not disputed by the debtor and therefore, we, find that this factor clearly weighs in favor of transferring the case to Alexandria, Virginia.

The next factor to be considered is the proximity of witnesses necessary to the administration of the estate. Although the debtor accurately argues that it is merely speculative that any creditor needed as a witness is proximately located to Alexandria, the debtor cannot deny that all officers and employees of the debtor are proximately located to Alexandria. This factor, therefore, favors transferring the case.

The next factor to be considered is the location of debtor's assets. Pubco is a holding company whose principal assets consist of the stock of four (4) companies not in Chapter 11 as well as Merkle and Publishers. Both parties agree that the location of these assets is of little importance in a rehabilitation case. *See In re One-Eighty Investments, Ltd.,* 18 B.R. 725, 729 (Bkrtcy. N.D.Ill.1981). The fact that Publishers is located within this District is not controlling due to the relatively small portion of Pubco's assets represented by Publishers. The debtor has not argued to the contrary

and we, therefore, find this factor to be neutral.

The last factor is the economic and efficient administration of the estate. As both parties admit, this factor encompasses a consideration of all the preceding factors. Counsel for the debtor argues that the expense of Philadelphia counsel travelling to Alexandria would be an undue burden on the estate. Counsel for the Creditors' Committee argues that the expense and time required for the officers and employees of the debtor to travel to Philadelphia would be an undue burden. Although we realize counsel's presence is more often demanded than officers and employees of the debtor, we think the most practical solution may be for the debtor to retain local counsel should the cost of Philadelphia counsel be burdensome.

Thus, we find that the Creditors' Committee has clearly established that the location of the debtor's offices, employees, books and records in close proximity to Alexandria, Virginia, strongly favor transfer of the case. No other factor mitigates against this conclusion.

Accordingly, an appropriate Order will be entered transferring the case to the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.