**In re Alexander E. ALMEIDA, Debtor.**

**Bankruptcy No. 83–02356G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

March 5, 1984.

David S. Mandel, Astor, Weiss & Newman, Philadelphia, Pa., for debtor, Alexander E. Almeida.

Rosetta B. Packer, Wexler, Weisman, Forman & Shapiro, Philadelphia, Pa., for Frank Almeida and Myrian Evans, movants.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In the case at bench two creditors have filed motions seeking, in the alternative, either dismissal of the debtor's chapter 7 petition, or a change of venue. For the reasons stated herein we will deny dismissal but will grant the motion for a change of venue.

The facts of this case are as follows:[1] The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") in this district on June 6, 1983. Shortly thereafter, Frank Almeida and Myriam Spreen Evans ("the creditors") objected to the venue of the case by filing the motion which is presently before us seeking, in the alternative, dismissal or transfer of the case.

The debtor has resided in this district since February 28, 1983, after having moved from California. From the time of his arrival in this district until the end of August of 1983, the debtor had been employed by an insurance company which paid him a commission on policies which he sold. At the end of August he ended his affiliation with this company and was hired by another insurer (also in this district) on the same basis. Since his arrival here the debtor has resided in a condominium which he rents from the owner on a month-to-month basis.

Prior to moving to this district the debtor had resided in California for virtually all of the preceding ten year period. Of the thirty-six creditors listed in the debtor's petition, thirty-three are located in California, and none are located in this district. In excess of 99% of the debtor's obligations are owed to these California creditors. Several of these creditors have indicated that litigation will almost certainly be commenced in this bankruptcy proceeding prior to its resolution. Virtually all the witnesses necessary for these actions are located in California. According to the debtor's petition, he owns property valued at $129,500.00, at least $125,000.00 of which is located in California.

The proper venue for cases under title 11 is established at 28 U.S.C. § 1472.[2] The creditors assert that venue does not lie in this district based on their assertion that he has not resided in this district longer than in any other district during the 180 day period immediately preceding the commencement of the case. On this issue the creditors failed to introduce evidence sufficient to discredit the debtor's assertions that he resided here for more than one-half of the 180 day period.[3]

The creditors alternatively urge us to transfer the case to the Southern District of California "for the convenience of the parties and witnesses in the interest of justice" pursuant to Bankruptcy Rule 1014(a)[4]

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. § 1472. Venue of cases under title 11
   Except as provided in section 1474 of this title, a case under title 11 may be commenced in the bankruptcy court for a district—
   (1) in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180-day period than the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of such person were located in any other district; or

   (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

3. Had venue been improper, it is not clear that we would have had authority to dismiss the case. Bankruptcy Rule 1014(a)(2), *infra,* apparently restricts us to retaining the case or transferring it.

4. Bankruptcy Rule 1014(a) states as follows:
   Rule 1014. Change of Venue
   (a) TRANSFER OF CASES
   (1) *Cases Filed in Proper District.* If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and to other persons as directed by the court, the case may be transferred to any other district if the

and 28 U.S.C. § 1475.[5] The main factors generally considered on a motion to transfer an entire proceeding include: "(1) proximity of creditors and the debtor to the court; (2) proximity of witnesses necessary to the administration of the estate; (3) location of the assets; and (4) the economic and efficient administration of the estate." *In Re Pubco Corp.,* 27 B.R. 139, 141 (Bkrtcy.E.D.Pa.1983); *In Re Birchminster Corp. of California,* 6 B.R. 258, 260 (Bkrtcy.E.D.Pa. 1980). Several other factors considered by the court include:

(1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining the attendance of willing witnesses; (3) the enforceability of judgment, if one is obtained; (4) relative advantages and obstacles to a fair trial; (5) a local interest in having localized controversies decided at home; and (6) a trial in the state the laws of which will govern the action.

*Pubco,* 27 B.R. at 141; *Birchminster,* 6 B.R. at 260. The first three factors weigh decidedly in favor transferring venue to California since virtually all the creditors, potential witnesses and assets of the estate are there. The fourth factor, which "encompasses a consideration of all the preceding factors,"[6] also weighs strongly in favor of California, although the cost of the debtor's travel from this district to California is a significant concern which militates against transfer. Notwithstanding such costs, the four factors overwhelmingly indicate that transfer is appropriate. An application of the six supporting indicia to the facts of this case, likewise favors this result. We will grant the creditors' motion to transfer

the case to the Southern District of California.

---

court determines that the transfer is for the convenience of the parties and witnesses in the interest of justice.

(2) *Cases Filed in Improper District.* If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and to other persons as directed by the court, the case may be retained or transferred to any other district if the court determines that the retention or transfer is for the convenience of the parties and witnesses in the interest of justice. Notwithstanding the foregoing, if no objection is raised, the court may, without a hearing, retain a case filed in an improper district.

5. § 1475. Change of venue
A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

6. *Pubco,* 27 B.R. at 142.