**In re Homer Raymond WALTER, Debtor.**

**Bankruptcy No. 84–809–BK–J–GP.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 5, 1985.

Ronald Bergwerk, Jacksonville, Fla., for debtor.

Lansing J. Roy, Keystone Heights, Fla., for City National Bank.

Charles W. Grant, Jacksonville, Fla., trustee.

### ORDER DENYING MOTION TO TRANSFER VENUE

GEORGE L. PROCTOR, Bankruptcy Judge.

The debtor in this case filed a petition for relief under Chapter 7 of the Code on October 17, 1984. The debtor asserted that venue was proper on the basis of his having lived in this district for a longer portion of the preceding 180 days than in any other district, which is a proper basis for venue pursuant to 28 U.S.C. § 1408. A trustee was duly appointed, the first meeting of creditors was held, and administration of the estate was begun.

On November 20, 1984, City National Bank, Shenandoah, Iowa, moved the Court to order a transfer of venue to the U.S. Bankruptcy Court for the District of Iowa. Evidence and argument were heard on January 8, and February 4, 1985.

It is uncontested that, on the basis of the debtor's residence, venue lies in this

district according to the provisions of § 1408. The sole legal issue arising from the undisputed facts is whether transfer of venue is appropriate under 28 U.S.C. § 1402 and Bankruptcy Rule 1014(a), for the convenience of the parties and witnesses in the interest of justice. We begin our analysis from the premise that a court should exercise its power to transfer cases pursuant to these provisions cautiously and that the party moving for the transfer has the burden of proving that the transfer would be in the interest of justice and for the convenience of the parties. *In re One-Eighty Investments, Ltd.*, 18 B.R. 725 (Bkrtcy.E.D.Ill.1981) citing *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir.1979) *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed. 731 (1980). As set forth below, we found the material factors to be rather evenly balanced between those favoring transfer and those favoring retention. Thus we find that the movant has failed to overcome the presumption, which this Court always accords great weight, that the debtor is entitled to file and maintain his case in the venue in which he lawfully filed it.

The principal criteria identified by bankruptcy courts in the relatively few published cases dealing with similar motions are: 1) proximity of creditors and the debtor to the court, 2) proximity of witnesses necessary to the administration of the estate, 3) location of the assets, 4) the economic and efficient administration of the estate. *In re Almeida*, 37 B.R. 186 (Bkrtcy.E.D.Pa. 1984); *In re Pubco Corp.*, 27 B.R. 139 (Bkrtcy.E.D.Pa.1983). If we were dealing with a no-asset case in which all debts are unsecured and in which there were no adversary proceedings, it would be clear that convenience would not be served by entering a transfer order. The case before us is considerably more difficult. The debts appear to arise from a business which the debtor conducted in Iowa for twenty-five years before moving to Florida. The schedules show that there are not substantial non-exempt assets in Florida. The trustee has not objected and has testified that he does not intend to object to the debtor's claim of exemptions. Assets in Iowa include real property with a total value of $120,000, which value is less than outstanding mortgage indebtedness. Some business-related personalty located in Iowa, which is also covered by security interests, brings the value of property in Iowa to slightly in excess of the amount of outstanding liens. Substantial intangible assets, i.e. balances due for contracts for deed and accounts receivable, arose in Iowa; the contracts for deed relate to realty in Iowa. Claimants of $86,544 in unsecured non-priority debt are, by heavy preponderance, located in Iowa or Nebraska.

■ Clearly, the proximity of the debtor to this court is beyond question; so is the lack of proximity of the majority of the creditors. As to the proximity of witnesses necessary to the administration of the estate, it is undisputed that the debtor's bookkeeper and accountant live in Iowa. The movant has, however, not shown any reason to believe that their testimony will be required. The trustee has filed a turnover complaint against Raymond and Ralphena Carlson, residents of Iowa. In that their time to answer the complaint has passed and no responsive pleading or motion appears in the file, it does not at this time appear that a trial is likely. In any event, venue for an adversary proceeding may be transferred without transfer of the related bankruptcy case.

■ It is uncontested that the bulk of the assets are located in Iowa. So far as the efficient and economic administration of the estate is concerned, the trustee testified that he did not see the distant location of the assets as an impediment and felt that he could market them effectively. The trustee conceded that in the event that foreclosure on any of the agreements for deed becomes necessary, he would be required to retain Iowa counsel, but as the debtor points out, an Iowa trustee would be required to do the same thing. Given the relative simplicity of the estate, we are not convinced that an Iowa trustee would be in a better position to oversee the process and

bring it to the most economical conclusion. The possible advantages of an Iowa trustee appear even less impressive when it is remembered that there has already been substantial administration. We also basically agree with the debtor's position that the agreements for deed, as intangibles, have no locus. In short, while the movant has made a case for transfer, it is the practice of this court to give great weight to the presumption that the debtor is entitled to retain the case in the venue in which he has resided for the statutory period. For the reasons set forth above, the motion of the City National Bank for transfer of venue is DENIED.