**In re GINCO, INC., Debtor.**

**Bankruptcy No. 7–85–01614 MS.**

United States Bankruptcy Court, D. New Mexico.

March 18, 1986.

Daniel J. Behles, Albuquerque, N.M., for debtor.

Robert N. Hilgendorf, Sante Fe, N.M., Trustee.

Joseph Earnest, Santa Fe, N.M., for Colorado National Bank.

**MEMORANDUM OPINION**

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on creditor Colorado National Bank's (CNB) Motion to Dismiss or in the Alternative for Change of Venue to the United States Bankruptcy Court for the District of Colorado.

The debtor, Ginco, Inc. (Ginco) is a Nevada corporation with its principal place of business and principal corporate offices located in Denver, Colorado. On November 29, 1985, Ginco filed a chapter 7 bankruptcy petition in the District of New Mexico. On December 9, 1985, CNB moved to dismiss or in the alternative for change of venue. The motion was objected to by International State Bank, but not the debtor.

Peripheral to this bankruptcy proceeding is a diversity cause of action in the United States District Court for the District of New Mexico between two of Ginco's credi-tors the movant here and the objector thereto. Decision in the District Court is deferred pending this Court's ruling on CNB's motion. This Court's ruling should have no affect, in this Court's opinion, on the pending motion for change of venue in the District Court proceeding.

Permissive change of venue is authorized in 28 U.S.C. § 1475 "in the interest of justice and for the convenience of the parties." The bankruptcy rules reiterate these requirements.

If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and to other persons as directed by the court, the case may be transferred to any other district if the Court determines that the transfer is for the convenience of the parties and witnesses in the interest of justice.

Federal Bankruptcy Rule 1014(a)(1).

The terms "in the interest of justice" and "for the convenience of the parties" were standarized in *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239 (5th Cir.1979). This Court has adhered to the five factors established by the Court in *Commonwealth. In re Ocheltree,* 71 B.R. 1 (Bankr.D.N.M.1983), *In re Cash and Carry Tool Supply Co., Inc.,* 22 B.R. 281 (Bankr. D.N.M.1982); as well as in the decisions of other courts. *C.f., Landmark Capital Company v. North Central Development Company (In re Landmark Capital Company),* 8 B.C.D. 1160, 20 B.R. 220 (C.D., S.D.N.Y.1982); *In re Almeida,* 37 B.R. 186 (Bkrtcy.E.D.Pa.1984).

The five factors are:
1) Proximity of creditors of every kind to the court;
2) Proximity of the debtor to the Court;
3) Proximity of witnesses necessary to the administration of the estate;
4) Location of assets; and,
5) Economic administration of the estate.
*In re Commonwealth Oil Refining, supra,* at 1247.

■ The party moving for the transfer has the burden of proving that the transfer would be in the interest of justice and for the convenience of the parties and in so doing he must overcome the presumption that the debtor is entitled to file and maintain his case in the venue in which he filed it. *In re Walter,* 12 B.C.D. 1057, 47 B.R. 240 (Bkrtcy.M.D.Fla.1985)

In the instant case the Court finds the following:

A. *Proximity of Creditors to the Court:*

Ninety-eight percent of Ginco's taxes are owed to the State of Colorado; while two percent are owed to the State of New Mexico. Of the seven secured creditors listed with addresses (10 total), five are in Colorado and hold over 40% of the debt owed by Ginco. The two largest secured creditors are the movant, CNB, and the objector, International State Bank (ISB), to the motion under consideration. ISB is located in Raton, New Mexico, which is closer to Denver than to Albuquerque (220 miles v. 235 miles by interstate highway). Three Hundred Sixty-Eight creditors are listed by the debtor as holding unsecured claims. Of those listed with addresses 41% (151) are in Colorado and 5% (21) are in New Mexico. Schedules A1, A2 and A3 from debtor's Statement of Financial Affairs.

B. *Proximity of the Debtor to the Court*

Ginco's principal place of business is in Denver, Colorado where its corporate headquarters are located. All general ledgers and accounts receivable ledgers are in Denver, Colorado in the possession of the movant. All Ginco's banking records are maintained at CNB offices in Denver.

C. *Proximity of Witnesses Necessary to the Administration of the Estate.*

The president of the debtor corporation is C.R. Grinder. Mr. and Mrs. Grinder are Ginco's majority stockholders and reside in Colorado. The movant states in his brief that all present and former employees knowledgeable about Ginco's books and accounting reside in Denver. The former president of ISB, Richard Berg, who authorized and executed the agreement pertinent to the ISB–CNB adversary proceeding, currently is the president of another bank located in Lakewood, Colorado, a suburb of Denver. The ISB officer who was in charge of Ginco's account, John Tate, is presently employed by a bank in Durango, Colorado. Ginco's attorney, Mr. Slivka, whose firm prepared the UCC form at issue between ISB and CNB is in Denver. The information as to the location of witnesses is uncontroverted by ISB. The named individuals are subject to the subpoena power of a Colorado court.

D. *Location of Assets*

Ginco's successor business is located in Denver and has almost all Ginco's inventory and equipment. Other assets include accounts receivable and these records are in the possession of CNB in Denver; bank deposits in New Mexico; and an unliquidated debt owing to the debtor which is currently in litigation in the United States District Court for the District of Colorado.

E. *Economic Administration of the Estate*

The debtor, the debtor's majority stockholders, the records relevant to the debtor's past and present financial status and the witnesses are located in Colorado. Consequently, it would be more advantageous in terms of convenience and economics for this case to be heard in a Colorado forum.

We also note that witnesses and records from Raton, New Mexico, must travel an almost equal distance to whichever forum hears the case.

■ Upon application of the requirements delineated in *Commonwealth, supra,* to the facts of the instant case, we conclude that the movant has met his burden and proved that the interest of justice and the convenience of the parties are best served by transferring this case to the United States Bankruptcy Court for the District of Colorado.

This opinion shall constitute findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.