In re Nancy Carter WHEELER, SS# 002–24–2258, Debtor.

Robert N. HILGENDORF, Trustee, Plaintiff,

v.

ROCKPORT NATIONAL BANK, a national banking corporation, Defendant.

Bankruptcy No. 7–85–01010 MS. Adv. No. 86–0094 M.

United States Bankruptcy Court, D. New Mexico.

Oct. 1, 1986.

Leslie C. King III, Santa Fe, N.M., for plaintiff.

Edwin Holmes, Rockport, Md., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on Rockport National Bank's (RNB) Amended Motion for Change of Venue, and the Trustee's opposition thereto. The parties submitted legal memoranda and the Court took the matter under advisement.

The facts are these: RNB is a national banking corporation doing business in Massachusetts. The debtor, Nancy Carter Wheeler, filed a petition for relief under chapter 7 in the United States Bankruptcy Court for the District of New Mexico, on August 5, 1985. Approximately one month prior to the filing, RNB filed suit against Ms. Wheeler on account of an antecedent debt owed by Wheeler to RNB according to the terms of a reserve loan agreement. RNB obtained a pre-judgment writ of attachment as permitted by Massachusetts law which became a lien on the debtor's property located in Massachusetts. The lien prevented the debtor from consummating a sale of certain real property and on or about July 3, 1986, RNB was paid $10,-576.94 by the debtor in satisfaction of its claim upon which suit had been brought. The trustee filed an adversary proceeding against RNB alleging that the writ of attachment and the subsequent payment to RNB were preferential transfers avoidable under 11 U.S.C. § 547. RNB asserts that the matter should be heard in the United States District Court for the District of Massachusetts on the grounds that it would be inconvenient and burdensome for the witnesses, located in Massachusetts, to testify in New Mexico. The trustee opposes the motion.

The scope of RNB's motion is limited to this adversary proceeding. RNB's motion does not seek to have the venue for the entire bankruptcy case changed. There-

fore, our discussion need not address the line of cases which addresses change of venue for an entire bankruptcy proceeding involving factors of proximity of debtors and creditors to the Court; proximity of witnesses to the administration of the estate, location of assets and the economic administration of the estate. *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir.1979), *In re Landmark Capital Company*, 8 B.C.D. 1160, 20 B.R. 220 (S.D.N.Y.1982), *In re Almeida*, 37 B.R. 186 (Bankr.E.D.Pa.1984), *In re Ginco*, 70 B.R. 2 (Bankr.D.N.M.1986).

Permissive change of venue is authorized by 28 U.S.C. § 1475 "in the interest of justice and for the convenience of the parties." The bankruptcy rules reiterate these requirements.

> If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and to other persons as directed by the court, the case may be transferred to any other district if the court determines that the transfer is for the convenience of the parties and witnesses in the interest of justice.

Bankruptcy Rule 1014(a)(1).

█ Decisions rendered under 28 U.S.C. § 1404(a) (change of venue in the District Courts) aid us in the proper application of § 1475. Here the same standard of "in the interest of justice" and "for the convenience of the parties" must be met. Factors to be considered are: the relative ease of access to the sources of proof; the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; the enforceability of a judgment if obtained; the applicability of a particular state law and the local interest in applying that law through courts within the state; the responsibilities and difficulties of court administration; the relative advantages and obstacles to fair trial; and other practical matters which encourage the efficient and inexpensive trial of the case. *In re Cole Associates, Inc.* 7 B.R. 154, 156 (Bankr.D.Utah 1980).

█ The party moving for the transfer has the burden of proving that the transfer would be in the interest of justice and for the convenience of the parties and in so doing he must overcome the presumption that the debtor is entitled to file and maintain his case in the venue in which he filed it. *In re Walter*, 12 B.C.D. 1057, 47 B.R. 240 (Bankr.M.D.Fla.1985); *Cole, supra* at 157.

█ In the instant case the sources of proof will likely consist of documents and testimony. Documents are accessible by the usual discovery methods and witness testimony may be had by depositions stipulated to by the parties. We also note that the materiality of witness testimony should be considered by the Court in the determination on a change of venue question. *In re Galanis*, 6 B.R. 900, 902 (Bankr.D.Conn. 1980). Otherwise, a party could defeat a plaintiff's choice of forum simply by stating that he intended to call numerous witnesses whose testimony might not be germane to the controversy in question. Additionally, we note that a judgment from this Court may be enforced in any district of the bankruptcy court and therefore enforceability is not problematic. The law to be applied is federal law and neither court has an advantage arising out its location in application of the law. The Court notes that the transfer sought in a change of venue must do more than shift the inconvenience from one party to another. *Cole, supra* at 157.

█ We find that RNB has not met its burden of overcoming the presumption that the debtor is entitled to file and maintain his case in the venue in which he filed it.

An appropriate order shall enter. This opinion shall constitute findings of fact and conclusions of law. Bankruptcy Rule 7052.