**In re WOOD FAMILY INTERESTS, LTD., a Colorado Limited Partnership, Debtor.**

**Bankruptcy No. 87–03488T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 8, 1987.

Eugene C. LaManna, Reading, Pa., for debtor.

Jack B. Justice, White & Williams, Philadelphia, Pa., for Sun Sav. & Loan Ass'n.

Neal D. Colton, Karen Lee Turner, Dechert, Price & Rhoads, Philadelphia, Pa., for United Bank of Colorado Springs, N.A.

## MEMORANDUM OPINION AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

We now consider a motion for change of venue filed by United Bank of Colorado Springs, N.A.[1] ("movant") and opposed by Wood Family Interests, Ltd., ("debtor") the chapter 11 debtor. The parties have briefed this issue subsequent to the September 22, 1987 hearing on the motion. We find that movant has met its burden of proof[2] that transfer to the District of Colorado should be permitted pursuant to Bankruptcy Rule 1014(a)(1). None of the parties disagree that we must weigh a variety of factors[3] in reaching our decision. We disagree with the debtor's contention that because the general partner is attempting to secure additional financing in Pennsylvania using his own Pennsylvania-based collateral, the "economically efficient administration"[4] goal can be met only by retaining jurisdiction in Pennsylvania. Debtor has not testified that lending institutions will provide funds *only* if the case remains in this district. Further, there are institutions in Colorado other than movant and

1. By order dated September 22, 1987, Sun Savings & Loan Association was allowed to join on this motion.

2. *In re Baltimore Food Systems, Inc.,* 71 B.R. 795, 802 (Bankr.D.S.C.1986); *In re Franklin Computer Corp.,* 50 B.R. 620, 626, 12 C.B.C.2d 1447, 1456, 13 B.C.D. 209, 213 (Bankr.E.D.Pa. 1985) (transfer of adversary).

3. These factors have been delineated by our predecessor, Chief Judge Goldhaber: the proximity of creditors and debtors to the court, the proximity of witnesses necessary for estate administration, the location of the assets, the economic and efficient administration of the estate, the ease of access to proof, the availability of process for forcing the attendance of witnesses, the enforceability of any ultimate judgment, relative advantages and obstacles to a fair trial, the

unique local interest in having localized controversies decided at home, and the benefit of having trial in the state from which the governing law flows. *In re Almeida,* 37 B.R. 186, 188 (Bankr.E.D.Pa.1984), *citing In re Pubco Corp.,* 27 B.R. 139, 141 (Bankr.E.D.Pa.1983), and *In re Birchminster Corp.,* 6 B.R. 258, 260, 6 B.C.D. 976, 977 (Bankr.E.D.Pa.1980).

4. We need not be bound by the fact that some courts consider this administrative goal "most important." Other courts have found that the fact that real estate is located in a particular jurisdiction "overwhelmingly militates" in favor of transfer to that jurisdiction. *See e.g., In re Eleven Oak Tower Limited Partnership,* 59 B.R. 626 (Bankr.N.D.Ill.1986).

Sun Valley that might be able to provide an infusion of funds.[5]

Debtor does not and cannot dispute that the other factors [6] weigh heavily in favor of transfer. All or most of the non-insider creditors are located, as are debtor's principal assets, in Colorado. Since the principal asset in this case is real estate, it is likely that local witnesses will be needed to testify as to the value of the property. Finally, testimony indicates that the general partner travels to Colorado many times each year, which would mitigate, at least partially, any inconvenience he might experience in travelling to that jurisdiction.

An appropriate order will follow.

## ORDER

AND NOW, this 8th day of October, 1987, it is hereby ORDERED that the Motion of United Bank of Colorado Springs, N.A. to change venue is hereby GRANTED.

[5]. We specifically reject debtor's argument that movant somehow waived its right to request a change of venue simply because it loaned money to a Pennsylvania-based general partner. This has no bearing on the matter at issue.

[6]. Debtor does not focus on the fact that it has administrative offices located in Pennsylvania, or request us to use any "nerve center" analysis.