In re PORTEX OIL CO.
No. B-24352.

District Court, D. Oregon.
Nov. 6, 1939.

Prescott W. Cookingham and Harry Lehrer, both of Portland, Or., for debtor.

John Hall, of Portland, Or., for Willis Clark, trustee.

Robert W. Kellough, of Tulsa, Okl., and Omar Spencer, of Portland, Or., for petitioning creditors.

JAMES ALGER FEE, District Judge.

The debtor filed for reorganization in this court on the 29th day of August, 1939. The petition was found to be filed in good faith and to conform to the Acts relating to Bankruptcy. On September 23, 1939, Willis Clark was appointed by the court as independent trustee. A hearing has been held upon his qualifications but he has not yet been confirmed, owing to the fact that a petition has been filed as to the jurisdiction of the court by a creditor, Clark Brothers Company, which has sold certain machinery to debtor. Another petition was presented to transfer the proceeding to the Eastern District of Texas.

The motion against jurisdiction is founded on two bases. First, it is contended that Clark Brothers Company sold on conditional sales contract an essential part of the plant which is affixed to real property in Texas and can not be removed without destroying the plant. It is said that the court, therefore, has no jurisdiction, since a temporary receivership had been established by the federal court of the Eastern District of Texas on August 1, 1939, in a suit in which Clark Brothers Company was plaintiff and Portex Oil Company and certain others were defendants.

Secondly, it is represented that the principal place of business of the company is in Texas and not in Oregon, because all of the property of the company is located in the former state.

The court recognizes the rule which prevailed under former bankruptcy acts, that where a foreclosure of a lien on specific property is pending in one tribunal, jurisdiction of the suit is not withdrawn by the incidence of bankruptcy or insolvency. Straton et al. v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060. A general equity receivership either in state or federal court is, however, subject to dissolution because the jurisdiction of the bankruptcy tribunal is paramount.[1] Here the receivership, so far as it purports to be general could have no further effect. In re Greyling Realty Corporation, 2 Cir., 74 F.2d 734, 736. In so far as it is a receivership in foreclosure of a chattel mortgage, it is a judicial proceeding and is stayed until disposition of the matter of reorganization can be made. The title to the personal property has passed, and the creditor is foreclosing a lien. Therefore, since only part of the property is affected, there is no basis for challenge to the jurisdiction of this court in a reorganization proceeding before the passage of the Chandler Act. Moreover, under the provisions of this new act, Chapter X, Article XIV, § 256, 11 U.S.C.A. § 656, which reads: "A petition may be filed under this chapter notwithstanding the pendency of a prior mortgage foreclosure, equity, or other proceeding in a court of the United States or of any State in which a receiver or trustee of all or any part of the property of a debtor has been appointed or for whose appointment an application has been made", even foreclosure proceedings do not prevent reorganization.

---

[1] "The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal." Gross et al. v. Irving Trust Co., 289 U.S. 342, 344, 53 S.Ct. 605, 606, 77 L.Ed. 1243, 90 A.L.R. 1215. Union Nat. Bank et al. v. Lehmann-Higginson Grocer Co., 10 Cir., 82 F.2d 969, 970, 971.

As to the second point, the statute provides that the reorganization proceeding can be brought in the court either at the "principal place of business" or the point where the principal assets have been located for the preceding six months. The clause allowing a proceeding to be brought in the state, where the corporation was organized has been eliminated from Chapter X, although it appeared in the now repealed section 77B, 11 U.S.C.A. § 207.

A distinction must have been intended between the two points where jurisdiction could be founded, although often the principal assets will be at the principal place of business. The intent must have been to permit a corporation which habitually transacted its corporate business at some point to bring proceedings there.

The cases relating to the Hamilton Gas Company all relate to one situation and are not binding upon this court or analogous to the facts in this case. Watters et al. v. Hamilton Gas Co., D.C., 10 F.Supp. 323; Hamilton Gas Co. v. Watters et al., 4 Cir., 75 F.2d 176; In re Hamilton Gas Co., 2 Cir., 79 F.2d 97; Hamilton Gas Co. v. Watters et al., 4 Cir., 79 F.2d 438. The Hamilton Company had offices in New York, but had not done any business there for six months prior to the filing of the reorganization. There had never been a license issued for this company to do business in New York. Besides, the debtor had been enjoined for about two and a half years from doing business in that jurisdiction. Its business had actually been conducted by equity receivers in West Virginia for that period of time. Thus it was correctly held by the courts that the principal place of doing business was not New York but West Virginia.

The court has no doubt that the principal place of business of this corporation is at Portland, Oregon, under the decisions. The company was incorporated under the laws of Oregon.[2] It maintains its principal and, in fact, only office in Portland.[3] The corporation records are maintained there, including minute books, stock records and stock transfers, together with original documents of title. The directors and stockholders hold all meetings in that office. The accounts are kept there. All accounts are paid by that office, including the payroll for the Texas plant. Taxes are paid there. The bank account is in Portland. The auditors are there, also. The sales contracts and contracts for the purchase of equipment are authorized and executed there.[4] Most of the business of the company is thus carried on in Portland.[5] Ninety-five percent of the stockholders live in Oregon. The president, who has general control over the operation of the company, lives in Portland.

On the other hand, all the physical property of the company is in Shelby County, Texas. There the corporation operates an extraction plant under the supervision of the Railroad Commission of Texas. It employs a few persons there, but all that are necessary to run the plant.[6] The principal assets are unquestionably located at that point.

However, the distinction noted in the statute permits administration if the petition is filed in the district where the principal place of business is located, for the very purpose of allowing the internal administration of a company to be settled at the point where those interested in it chose primarily to conduct its business.

The motion to oust the court of jurisdiction must be denied.

The motion to transfer the proceedings to the Eastern District of Texas rests in the sound discretion of the court. There is a great deal of litigation in that jurisdiction concerning the debts of this corporation and various other matters. This court can, however, give to creditors all the protection that can be given by any

---

[2] See In re Enjay Holding Co., Inc., D.C., 18 F.Supp. 445, 447; Maguire v. Mortgage Co. of America et al., 2 Cir., 203 F. 858.

In this proceeding the stockholders have a large interest. The fact of incorporation in Oregon and the other factors are of interest. Hamilton v. North Pac. S. S. Co., 84 Or. 71, 78, 164 P. 579.

[3] See In re Hudson River Nav. Corporation, 2 Cir., 59 F.2d 971.

[4] In re Matthews Consolidated Slate Co. (Burdick v. Dillon et al.), 1 Cir., 144 F. 737.

[5] In re Guanacevi Tunnel Co., 2 Cir., 201 F. 316; In re Matthews Consolidated Slate Co., D.C., 144 F. 724, 729, 733.

[6] Shearin v. Cortez Oil Co., 5 Cir., 92 F.2d 855. This case deals with a situation like that in the instant case under the provisions of the bankruptcy act, 11 U.S.C.A. § 1 et seq. and in the same Circuit Court.

other tribunal. Many creditors have petitioned the court to retain the proceedings. Although the corporation is embarrassed, the stockholders have invested $300,000 in the operation. The testimony indicates there is great value in the properties. The present operation of the plant makes enough currently to pay operating expenses and have a surplus. The officers are fairly confident that a pending deal can be worked out which will dispose of the property, pay the creditors in full and leave a royalty for the stockholders. As to whether this can be worked out is a future problem of the reorganization. However, this property still belongs to these stockholders and one of the very purposes of the reorganization statutes was to save the property for the stockholders, where formerly they would have been deprived of it because of a temporary financial embarrassment. The business has always been managed from Portland and should still be so managed. See In re Syndicate Oil Corporation, D.C., 9 F.Supp. 217.

The motion to transfer the proceeding is denied.