### CLARK BROS. CO. v. PORTEX OIL CO. et al.
### No. 9414.

Circuit Court of Appeals, Ninth Circuit.
June 28, 1940.

Carey, Hart, Spencer & McCulloch and Omar C. Spencer, all of Portland, Or., and Robert W. Kellough, of Tulsa, Okl., for appellant.

John H. Hall, of Portland, Or., for Clark, trustee.

Cookingham & Hanley and Harry Lehrer, all of Portland, Or., for Portex Oil Co., debtor.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Clark Brothers Company, a New York corporation, appeals from two orders of the District Court of the United States for the District of Oregon, hereafter called the Oregon court, which denied (1) a motion to transfer from the Oregon court to the District Court of the United States for the Eastern District of Texas, hereafter called the Texas court, a corporate reorganization proceeding brought by Portex Oil Company, an Oregon corporation, hereafter called the debtor, under chapter 10 (§§ 101–276) of the Bankruptcy Act[1] and (2) a motion to dismiss the proceeding.

The debtor commenced the proceeding by filing a petition in the Oregon court on August 29, 1939. The Oregon court approved the petition and appointed a trustee. Thereafter, appellant and others, creditors of the debtor, filed a motion to transfer the proceeding from the Oregon court to the Texas court and, while that motion was pending, filed a motion to dismiss the proceeding for want of jurisdiction. The motions were heard, evidence was taken, findings were made and, on November 6, 1939, the motions were de-

---

[1] 11 U.S.C.A. §§ 501–676.

nied. In re Portex Oil Co., D. C., 30 F. Supp. 138. This appeal followed.

Questions presented are (1) whether the Oregon court had jurisdiction of the proceeding and, if so, (2) whether the Oregon court abused its discretion in refusing to transfer the proceeding to the Texas court.

■ First. Original jurisdiction of proceedings under chapter 10 (§§ 101–276) of the Bankruptcy Act is vested in courts of bankruptcy, including, of course, the district courts of the United States.[2] The Oregon court, being a district court of the United States, is a court of bankruptcy.

■ A proceeding under chapter 10 may be commenced (1) by filing a petition in a pending bankruptcy proceeding or, if there is no pending bankruptcy proceeding, (2) by filing an original petition.[3] In this case, there was no pending bankruptcy proceeding. Hence, the debtor could and did file an original petition.

■ Such a petition may be filed in the court of bankruptcy in whose territorial jurisdiction the debtor corporation has, for the preceding six months, had (1) its principal place of business or (2) its principal assets.[4] In this case, the petition stated that, for the six months preceding its filing, the debtor had its principal place of business in the territorial jurisdiction of the Oregon court[5] and had its principal assets in the territorial jurisdiction of the Texas court.[6] The motion to dismiss stated that, for the six months preceding the filing of the petition, the debtor did not have either its principal place of business or its principal assets in the territorial jurisdiction of the Oregon court, but had both in the territorial jurisdiction of the Texas court.

The question thus presented was one of fact. The Oregon court found the fact to be as stated in the petition. Unless clearly erroneous, the finding may not be set aside.[7] The evidence establishes that the debtor is an Oregon corporation, that its articles of incorporation designate Portland, Oregon, as its principal place of business, and that, actually, the greater part of its corporate business is and was at all times transacted at Portland. Hence, we conclude, the Oregon court's finding was not clearly erroneous, but was clearly correct.

■ As the debtor, for the six months preceding the filing of the petition, had its principal place of business in the territorial jurisdiction of the Oregon court and had its principal assets in the territorial jurisdiction of the Texas court, the petition might have been filed in either court. As it was actually filed in the Oregon court, that court had jurisdiction of the proceeding.[8]

■ At the time of the filing of the petition, there was pending in the Texas court a suit in which receivers of part of the debtor's property had been appointed. That, however, did not preclude the filing of a petition under chapter 10 of the Bankruptcy Act. For § 256 of chapter 10[9] provides: "A petition may be filed under this chapter notwithstanding the pendency of a prior mortgage foreclosure, equity, or other proceeding in a court of the United States or of any State in which a receiver * * * of all or any part of the property of the debtor has been appointed * * *." And § 257 of the same chapter[10] provides: "The trustee appointed under this chapter, upon his qualification * * * shall become vested with the rights, if any, of such prior receiver * * * in such property and with the right to the immediate possession thereof."

■ Appellant contends that §§ 256 and 257 are unconstitutional as depriving appellant of property without due process of law. The contention is unfounded and frivolous. Sections 256 and 257 do not deprive appellant of any property.

■ Appellant contends that it was deprived of property without due process

---

[2] Bankruptcy Act, §§ 1(10), 2, 102, 11 U.S.C.A. §§ 1(10), 11, 502; Judicial Code, § 24(19), 28 U.S.C.A. § 41(19).

[3] Bankruptcy Act, §§ 127, 128, 11 U.S.C.A. §§ 527, 528.

[4] Bankruptcy Act, § 128, 11 U.S.C.A. § 528.

[5] At Portland, Oregon.

[6] In Shelby County, Texas.

[7] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Rule 52(a); General Orders in Bankruptcy, 11 U.S.C.A. following section 53, Nos. 36, 37, 52.

[8] Bankruptcy Act, §§ 111, 128, 11 U.S.C.A. §§ 511, 528.

[9] 11 U.S.C.A. § 656.

[10] 11 U.S.C.A. § 657.

48

of law by an order of the Oregon court entered on September 23, 1939, directing the trustee to take possession of property then held by the receivers, some of which, appellant claims, was not property of the debtor, but was property of appellant. This contention cannot be considered. For the order of September 23, 1939, was not appealed from and is not under review.

■ Appellant contends that the proceeding should have been dismissed on the ground that the petition was not filed in good faith.[11] That was not a ground of appellant's motion. Not having been raised below, the question of good faith, here attempted to be raised, will not be considered.

■ Second. Generally, the bankruptcy court in which a petition under chapter 10 is filed has exclusive jurisdiction of the proceeding.[12] However, § 118 of chapter 10 [13] provides: "The judge may transfer a proceeding under this chapter to a court of bankruptcy in any other district, regardless of the location of the principal assets of the debtor or its principal place of business, if the interests of the parties will be best served by such transfer." This provision, it will be noted, is that the judge may transfer the proceeding, not that he shall do so. Thus, obviously, a motion for such transfer is addressed to the judge's discretion, the exercise of which, in the absence of abuse, is not reviewable.

■ In this case, the interested parties were (1) the debtor, an Oregon corporation, whose principal place of business was in the District of Oregon; (2) its stockholders, 95% of whom resided in the District of Oregon; and (3) its creditors, 65% of whom [14] preferred to have the Oregon court retain jurisdiction of the proceeding. Upon these facts, the judge concluded that the interests of the parties would be best served by the Oregon court retaining jurisdiction and, therefore, refused to transfer the proceeding to the Texas court. In this, we hold, there was neither error nor abuse of discretion.

Orders affirmed.

[11] Bankruptcy Act, §§ 141–146, 11 U.S.C.A. §§ 541–546.
[12] Bankruptcy Act, § 111, 11 U.S.C.A. § 511.

[13] 11 U.S.C.A. § 518.
[14] That is to say, creditors whose claims aggregated 65% of the debtor's total indebtedness.