**In re WALSTON AIRBUSINESS, INCORPORATED, formerly Walston Aviation Sales, Inc. and Walston Aviation-Southeast, Inc., Debtor.**

**Bankruptcy No. 82 B 04466.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 1, 1983.

---

10. *Mullane, supra* n. 8, at 316, 70 S.Ct. at 658.

11. *Id.,* 317, 70 S.Ct. 658–659.

12. *In re Supernit,* 186 F.2d 130, 132 (3rd Cir. 1950).

**956**

John H. Hanson, Jr., Burditt & Calkins, Chicago, Ill., for petitioner.

Barbara Vrancik, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for respondent.

### MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This controversy arises from a motion for change of venue brought by Bank of Alton (hereinafter referred to as Alton), a secured creditor of Walston AirBusiness, Inc. (hereinafter referred to as the debtor). Alton requests that this proceeding be transferred to the United States Bankruptcy Court for the Southern District of Illinois on the grounds that (1) venue is improper in the Northern District of Illinois pursuant to 28 U.S.C. § 1472 (Supp. II 1978), and (2) venue should be changed for the convenience of the parties and in the interest of justice under 28 U.S.C. § 1475 (Supp. II 1978).

The debtor is a Delaware corporation, which is authorized to do business in Illinois. It is in the business of selling and servicing small aircraft. The debtor rents hangar space at airports located in Wheeling and East Alton, Illinois. Wheeling is located in the Northern District of Illinois, where as East Alton is located in the Southern District of Illinois. The majority of the debtor's business originates from these two locations.

The sole owner of the debtor is C.H.L., Inc. (hereinafter referred. to as C.H.L.). C.H.L. acquired its ownership interest apparently only one or two days prior to the filing of the debtor's bankruptcy petition. C.H.L.'s main office and principal place of business are located in Arlington Heights, Illinois, placing it in the Northern District of Illinois.

On April 2, 1982, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. The scheduled value of the debtor's assets is $10,400,449.85. The scheduled claims against the debtor total $12,180,216.49.

The first issue to be determined by this court is whether venue is proper in the Northern District of Illinois. The relevant portion of Section 1472 provides:

> Except as provided in section 1474 of this title, a case under title 11 may be commenced in the Bankruptcy Court for the district—
>
> (1) in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180-day period than the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of such person were located in any other district. . . .

28 U.S.C. § 1472(1) (Supp. II 9178). Section 1472 is applicable to a corporation by operation of Bankruptcy Code Section 101(30), 11 U.S.C. § 101(30) (1979), which defines "person" as including a corporation.

Alton contends that the location of the debtor's principal assets and place of business was East Alton, Illinois for the 180 days preceding the filing of the bankruptcy petition. According to the debtor's scheduled list of creditors, Alton argues that 141 out of 306 creditors are located within a 100 mile radius of East Alton. Moreover, all creditors considered East Alton, not Wheeling, to be the principal place of the debtor's business.

The debtor does not directly address and refute these allegations. Instead, the debtor argues that its principal place of business for the period *subsequent* to the filing of its bankruptcy petition is in Arlington Heights, Illinois, which is located in the Northern District of Illinois.

█ Under Section 1472, the relevant period of time for venue purposes is the 180 days before the filing of the bankruptcy petition. Since the debtor has not contradicted the evidence which tends to show that during the 180 days before the filing of its bankruptcy petition its principal assets and place of business were not located in the Northern District of Illinois, this court holds that venue in this proceeding is improper in the Northern District of Illinois pursuant to Section 1472.

The remaining issue to be decided by this court is whether this proceeding should be retained in the Northern District of Illinois despite the finding of improper venue. Section 1477 provides:

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

28 U.S.C. § 1477(a) (Supp. II 1978).

█ It is well recognized that Section 1477 permits a court to retain a proceeding even where there is a finding of improper venue. *See Barnes v. Whelan,* 689 F.2d 193, 206 (D.C.Cir.1982) (interest of justice and convenience of parties require the District of Columbia Bankruptcy Court to retain

proceeding even though venue was improper). Once venue is found to be improper, the burden shifts to the party seeking retention of the improperly filed case. *Id.* at 205. *See also In re Miller,* 15 B.R. 977, 979 (Bkrtcy.E.D.Pa.1981).

Section 1477(a) seeks to vest venue in the most appropriate forum under the circumstances. To accomplish this, Section 1477 refers to Section 1475, which provides:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

28 U.S.C. § 1475 (Supp. II 1978).

█ It is well settled that six factors are weighed when analyzing an application for a change of venue pursuant to Section 1475. *In re One-Eighty Investment, Ltd.,* 18 B.R. 725, 728–29 (Bkrtcy.N.D.Ill.1981), *citing, In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1241 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980). *Accord In re Island Club Marina, Ltd.,* 26 B.R. 505 (Bkrtcy. N.D.Ill.1982). The six factors and their application to the situation at hand are as follows:

1. *Proximity of Creditors of Every Kind.* Alton's claim against the debtor, both secured and unsecured, is $170,945.35. In addition, 140 other creditors from the Alton area have claims totalling approximately $900,000.00. The total dollar amount of claims from the Alton area comprises 7% of all claims scheduled by the debtor.

The debtor's largest secured creditor is Cessna Finance Corporation, whose claim is scheduled at $4,300,000.00. Cessna, whose principal place of business is outside of Illinois, has objected to transferring venue to the Southern District of Illinois. There are 141 other creditors who reside in neither the Northern nor the Southern District of Illinois.

The First National Bank of Chicago is the second largest secured creditor and has filed

a brief opposing the motion for a change of venue. The scheduled claims of the bank and the 22 other Chicago area creditors are approximately $5,400,000.00. Thus, adding together the claim of Cessna with those of the Chicago area creditors, 85% of the scheduled claims are held by creditors who object to transferring venue.

On the basis of the number of the debtor's claimants, there is a slight advantage in favor of transferring venue. However, on the basis of the dollar amount of the debtor's claimants, there is an overwhelming advantage in favor of retaining this proceeding in the Northern District of Illinois. *See In re Fairfield Puerto Rico, Inc.,* 333 F.Supp. 1187, 1190 (D.Del.1971) (court considered both the number and dollar amount of debtor's claimants on a motion to transfer venue). *But see Clark Bros. Co. v. Portex Oil Co.,* 113 F.2d 45 (9th Cir.1940); *In re Birchminster Corp. of California,* 6 B.R. 258 (Bkrtcy.E.D.Pa.1980) (considered total number and geographical location of creditors).

2. *Proximity of the Debtor to the Court.* Currently, the debtor's principal place of business and executive office are located in the Northern District of Illinois. C.H.L., the debtor's parent corporation, is located in the Northern District of Illinois. C.H.L. personnel coordinate all major managerial decisions concerning the debtor's business operation. Consequently, this factor supports retaining venue in the Northern District of Illinois.

3. *Location of the Assets.* The debtor's principal assets appear to be located in the Alton area. Although supporting the transfer of venue to the Southern District of Illinois, this factor is not controlling in reorganization cases. *See In re One-Eighty Investments, Ltd.,* 18 B.R. 725, 729 (Bkrtcy.N.D.Ill.1981) ("In a reorganization proceeding, however, the location of the assets of the Debtor is not particularly important.").

4. *Proximity of Witnesses.* Alton argues that many witnesses who reside in the Alton area will be necessary for this bankruptcy proceeding. However, since an unsecured creditors committee has been formed and is represented by Chicago counsel, the number of potential witnesses from the Alton area has been reduced substantially. Consequently, Alton has not persuaded this court that the Southern District of Illinois will be a more convenient forum for witnesses.

5. *Intertwined Relationships.* This factor is not applicable in this proceeding.

6. *Economical and Efficient Administration.* This factor has been considered to be the most important. *In re Landmark Capital Co.,* 20 B.R. 220, 224 (Bkrtcy.S.D.N.Y. 1982). While an independent consideration, this factor "encompasses all of the preceeding factors." *In re One-Eighty Investment, Ltd.,* 18 B.R. at 729.

A review of the five factors previously mentioned reveals that: (1) "Location of the Assets" and "Intertwined Relationships" are not significant factors under the factual background of this controversy, (2) "Proximity of Witnesses" is an important factor, but does not evidence strong support for transferring venue to the Southern District of Illinois, and (3) "Proximity of the Debtor" and "Proximity of Creditors" are significant factors in favor of retaining venue in the Northern District of Illinois.

In addition, there are other relevant considerations: (1) despite being active in this proceeding from its inception, Alton allowed this proceeding to progress for nine months before filing its motion for change of venue, (2) several creditors meetings have been held in Chicago, resulting in the formation of a creditors committee, (3) significant progress has been made toward a plan of reorganization, (4) substantial litigation of related matters concerning this proceeding has been initiated, (5) interim financing has been provided by First National Bank of Chicago in order to facilitate the debtor's business operation, and (6) the counsel for the unsecured creditors committee opposes the motion to transfer this case. All of these considerations favor retaining venue in the Northern District of Illinois.

■ On the basis of all of these factors and considerations, this court concludes that the debtor has established by a preponder-

ance of the evidence that the proceeding herein would be administered more economically and efficiently in the Northern District of Illinois. Consequently, this court holds that, on balance, the six factors used to analyze a petition for change of venue under Section 1475 do not indicate that a change of venue from the Northern District of Illinois to the Southern District of Illinois would further the convenience of the parties and the interest of justice.

The motion for a change of venue by Alton is hereby denied. The debtor is to prepare a draft order in accordance with this opinion within five (5) days.