**In re CONSOLIDATED PIER DELIVERIES, INC., Debtor.**

**Bankruptcy No. 183–31521–260.**

United States Bankruptcy Court, E.D. New York.

Nov. 8, 1983.

Raymond J. Dearie, U.S. Atty., Eastern Dist. N.Y. by Michael J. Cavanagh, Asst. U.S. Atty., Brooklyn, N.Y.

Helfand & Alter, New York City, for debtor by Alan J. Helfand.

Gifford, Woody, Palmer & Serles, New York City, for Hudson Engineering by Richard A. Gerard, Fine, Tofel, Saxl, Berlson & Brandes, for ABJM, New York City, for ABJM by Alan J. Behr.

Cole, Geaney, Yamner & Byrne, Paterson, N.J., for United Terminals by Gary Redish.

DECISION ON MOTION FOR
CHANGE OF VENUE

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

This matter concerns a motion for change of venue made by the United States Attorney for the Eastern District of New York pursuant to 28 U.S.C. Sections 1475 and 1477.[1]

The debtor, Consolidated Pier Deliveries, Inc. (CPD) is a real estate development corporation operating almost exclusively in Bayonne, New Jersey. On August 1, 1983 CPD filed in this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in which it lists its post office address as 150 Walker Street, Staten Island, New York, which lies within this District. Shortly thereafter, the within motion was made by the United States Attorney for this District for a change of venue to the District of New Jersey in accordance with the aforementioned statutes.

Oral argument was heard by this Court over two separate days after which an order was entered granting the subject motion. The following is a discussion of the

---

1. Section 1475 states:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to each case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

Section 1477 states in relevant part:

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

factors which influenced this Court to reach that decision.

28 U.S.C. and 1475 and 1477 permit a change of venue from an otherwise appropriate jurisdiction when the convenience of the parties and the interests of justice so dictate. Since the movant has not questioned the technical appropriateness of venue within the meaning of 28 U.S.C. 1472[2] the Court will not examine that point although the facts suggest that this might have been raised as an issue.

The factors considered by courts in evaluating the appropriateness of a venue change based on the convenience of the parties and the interests of justice are:

1. Proximity of creditors of every kind to the court.

2. Proximity of the debtor to the court.

3. Proximity to the court of the witnesses necessary to the administration of the estate.

4. Location of the debtor's assets, and

5. The economic and efficient administration of the estate.

*Commonwealth Oil Refining, Inc.,* 596 F.2d 1239 (5th Cir.1979) *cert. den.* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) at 1247; *In re Valley Fair Corp.,* 4 B.R. 564, 16 C.B.C. 586 (Bkrtcy.S.D.N.Y.1978); *Matter of Landmark Capital Co.,* 19 B.R. 342, 8 B.C.D. 1160, 6 C.B.C.2d 447 (Bkrtcy.S.D.N.Y.1982); *In re Developers of Caguas, Inc.,* 26 B.R. 977, 8 C.B.C.2d 74 (Bkrtcy.E.D.N.Y. 1983).

▪▪▪ An examination of all evidence presented in light of the above criteria and the required burden of proof[3] convinces this Court that the convenience of the par-

ties and the interests of justice justify and indeed mandate a change of venue to the District of New Jersey. A discussion of each of the above elements follows.

*Proximity of Creditors to the Court*

Most of CPD's creditors, approximately 70%, are located in the District of New Jersey. Although travel to this district would not pose any significant inconvenience to these creditors it would nevertheless be preferable to have this case administered in the district where a sizable majority of them are located. Moreover, one of the largest unsecured creditors, the United States Department of the Army, which holds two claims totalling approximately $170,000, does not object to a transfer of venue even though its administrative office assigned to the handling of its claims is located in the Southern District of New York which is roughly the same distance from the District of New Jersey as this district.

*Proximity of the Debtor to the Court*

Despite CPD's claims to the contrary its business activities are conducted almost exclusively in the District of New Jersey. Its operations facilities and management offices are both located in Bayonne, New Jersey. No other significant activity takes place outside of that area. This court accepts as true CPD's stated plans to expand its operations to Staten Island, New York in this district, but dismisses those plans, at the moment, as merely speculative. Though these plans may well reach fruition at some future time the court finds that CPD is currently a New Jersey corporation for which the District of New Jersey is geographically the most logical venue.

---

2. Section 1472 states:

Except as provided in section 1474 of this title, a case under title 11 may be commenced in the bankruptcy court for a district—

(1) in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States of the person or entity that is the subject of such case have been located for the 180 days immediately preceeding such commencement, or for a longer portion of such 180 day period than the domicile, residence, principal place of business, in the United States, or principal assets, in the United States of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner or partnership.

3. The movant must demonstrate through a fair preponderance of the evidence that the transfer of a case from one district to another is justified. *Matter of Landmark Capital Co.,* 19 B.R. 342 (Bkrtcy.S.D.N.Y.1982).

The record also indicates that the debtor's officers reside in the District of New Jersey. While this latter fact is not in and of itself determinative, it does lend further support to the notion that the proximity of the debtor to the New Jersey Court favors that venue.

In addition, the court notes that CPD is currently engaged in two lawsuits in the United States District Court for the District of New Jersey. In one it is the plaintiff in an action brought against the Office of the United States Attorney for that district and the Federal Bureau of Investigation. In another it is the defendant in an action brought by the City of Bayonne to collect unpaid taxes. These factors contribute further to the decision of this Court that this bankruptcy case should be administered in New Jersey as well.

*Proximity of Necessary Witnesses to the Court*

None of the witnesses would appear to be seriously inconvenienced or unjustly treated if required to appear in this district rather than in New Jersey. Nevertheless, because potential witnesses in any contested matter or adversary proceeding, in particular the officers of the debtor, and other key creditors such as the Internal Revenue Service, the City of Bayonne, New Jersey, the State of New Jersey and the debtor's sub-tenants, Hudson Engineering and United Terminals, are all located in New Jersey, it simply makes more sense from the standpoint of judicial administration to deal with a New Jersey debtor and its largely New Jersey creditors in a New Jersey forum.

*Location of the Debtor's Assets*

CPD's statement of assets and liabilities lists holdings in New Jersey valued at $375,-000 and a small, private residence in Staten Island valued at $135,000. By CPD's own admission the Staten Island property is not being utilized in the company's daily operations. There may be plans afoot to transfer some or all of CPD's operations to that location but, as mentioned earlier, those plans are merely speculative at this time. The court finds, therefore, that CPD's as-sets both in terms of actual value as well as usage in the day to day operations of that company are overwhelmingly located in New Jersey. This finding favors a transfer to the District of New Jersey.

*Economic and Efficient Administration of the Estate*

This final criterion is actually a summation of the previous four. Since the debtor, the vast portion of its creditors, as well as most of the witnesses likely to be asked to testify are located in New Jersey it logically follows that the economic and efficient administration of the debtor's estate would best be served by transferring this case to the District of New Jersey.

As a final comment the court states, for the record, that it does not view as meaningful the debtor's contention that adverse and damaging publicity will possibly flow from having this case administered in New Jersey. First of all, such claims are purely conjectural and second, the close proximity of this district to the District of New Jersey would inhibit the possibility that venue in the Eastern District of New York would act as some sort of shield to protect CPD from public knowledge of its financial predicament. Even if that were true this court will not allow itself to be used in that fashion, particularly when all other considerations support a change of venue.

An order directing that this case be transferred in its entirety from the Eastern District of New York to the District of New Jersey has been entered.