**In re OSAGE EXPLORATION COMPANY, Debtor.**

**FRED BRAUN CORP. PROFIT SHARING TRUST, Otakar Mach, Renate Mach, Frederick A. Terry, Jr., as Trustee U/W E.R. Mitchell F/B/O Craig K. Mitchell and Rita M. Cushman, Plaintiffs,**

v.

**Thomas C. SMITH, Nora A. Smith, Walter A. Wood, Renee M. Wood and Darlene Francis, Defendants.**

**Walter A. WOOD and Renee M. Wood, Plaintiffs,**

v.

**Craig K. MITCHELL, Otakar Mach, Renate Mach and William Pitt, Defendants.**

Bankruptcy No. 83–00658.

Adv. Nos. 83–5963A(ER), 83–6008A(ER).

United States Bankruptcy Court, S.D. New York.

June 26, 1984.

Appleton, Rice & Perrin, New York City, for plaintiffs.

Lane & Mittendorf, New York City, for Walter A. and Renee M. Wood.

Alexander & Green, New York City, for Thomas C. and Nora A. Smith.

DECISION AND ORDER ON MOTION TO REMAND AND ON APPLICATION FOR REMOVAL AND TRANSFER

EDWARD J. RYAN, Bankruptcy Judge.

On June 10, 1983, Osage Exploration Company (Osage) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code (Code) in the Bankruptcy Court for the Northern District of Oklahoma.

Osage is engaged in the exploration for and the development of oil and gas production.

On September 7, 1983, the Fred Braun Corporation Trust (Fred Braun), Otakar Mach, Renate Mach and Frederick Terry, Jr. commenced a Rule 10b–5 [1] suit against Walter and Renee Woods (the Woods) who are investors in Osage, and Thomas and Nora Smith (the Smiths), who are officers of Osage, in the United States District Court for the Southern District of New York. The plaintiffs allege that the Woods and Smiths engaged in a conspiracy to induce the plaintiffs and other Osage investors to purchase units in the Osage oil and drilling programs by fraudulent misrepresentations.

By application and motion dated September 29, 1983, the above named defendants removed the Rule 10b–5 district court action to this court pursuant to 28 U.S.C. § 1478 and sought transfer of the 10b–5 action to the United States Bankruptcy Court for the Northern District of Oklahoma. By order to show cause dated October 6, 1983, the above named plaintiffs sought remand of the within action pursuant to 28 U.S.C. § 1478(b) to the United States District Court for the Southern District of New York.

■ In addition to the commencement of the 10b–5 claim, a defamation cause of action was brought on by the Woods, (defendants in the 10b–5 action) on September 24, 1983 against Craig K. Mitchell, Otakar Mach and Renate Mach (plaintiffs in the 10b–5 action) and William Pitt in the Supreme Court of the State of New York, County of Suffolk. By application dated October 7, 1983, the defendants removed the defamation action to this court pursuant to 28 U.S.C. § 1478(a).[2] By application and motion dated October 26, 1983, the plaintiffs sought remand of the within action pursuant to 28 U.S.C. § 1478(b) to the Supreme Court of New York State, County of Suffolk.

In due course after several hearings, the matter was finally submitted for decision.

The relevant sections for purposes of determining the motions to transfer venue and remand of the 10b–5 claim to the District Court and the motion to remand the defamation action to the State Supreme Court are 28 U.S.C. § 1478(a) & (b) and 28 U.S.C. § 1471(b) & (c). The former section provides:

(a) A party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending if the bankruptcy court has jurisdiction of such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground....

Section 1471(b) & (c) provides the bankruptcy court with jurisdiction overall civil proceedings arising under or related to cases under Title 11.

According to the defendants in the 10b–5 action, the bankruptcy court has jurisdiction over this action because the outcome would allegedly affect debtor's estate and is directly related to the Chapter 11 case.

As to the state court defamation action that has been removed to this court, the

---

**1.** § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1976); Rule 10b–5, 17 C.F.R. § 240.10b5 (1982).

**2.** Although this matter should have been removed to the Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 1478(a), this court may nonetheless retain this case where venue is improper if it is in the interest of justice and for the convenience of the parties. *See Bankruptcy Rule* 1014(a); *In re Walston Airbusiness, Inc.,* 26 B.R. 955 (Bkrtcy.Ct. N.D.Ill.1983).

defendants make no substantive argument as to why this matter should not be remanded to the state court.

In a plurality opinion written by Mr. Justice Brennan, the Supreme Court held unconstitutional the section upon which jurisdiction in the instant proceeding is based, *viz.*, 28 U.S.C. § 1471. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Thereafter, on December 21, 1982, the Board of Judges for the United States District Court for the Southern District of New York adopted Emergency Rule I for the interim period until Congress enacts appropriate remedial legislation in response to the Supreme Court's decision in *Marathon.*

Under Emergency Rule I(c)(1):

All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.

■ It is clear that no jurisdiction exists in the bankruptcy court when the action does not relate to or affect the administration of debtor's estate. *See In re Curtina International,* 15 B.R. 993 (S.D.N.Y.1981).

■ The debtor corporation Osage is neither a named party to the Rule 10b–5 action nor is it a real party in interest. The action has been brought against officers and investors in their individual capacities and any monies recovered will come directly from these named parties and not from Osage. The outcome of this particular proceeding will not directly affect either the assets and liabilities of Osage or the administration of the estate. The court lacks jurisdiction to hear the Rule 10b–5 action and therefore remands this action to the District Court for the Southern District of New York.

■ As to the defamation cause of action, the court has broad discretion to remand a claim or cause of action to the court from whence it came based upon a finding that a state court is a more appropriate forum to try a suit involving questions of state law. *See* 1 *Collier on Bankruptcy* § 3.08 at 3.8 [15 ed. 1983].

Where the issues involved are so inextricably a matter of state law as to which the state courts should be permitted to speak, that litigation should be conducted in the state courts. *Thompson v. Magnolia Petroleum,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).

■ The defamatory statements are alleged to have been uttered in Suffolk County. The determination of this action does not involve issues of bankruptcy law, but rather involves interpretation of local state law and as such the New York State Supreme Court, Suffolk County should resolve this matter.

It is so ordered.