**In re HME RECORDS, INC., Debtor.**

**Bankruptcy No. 385–03557.**
**Misc. Docket Nos. 3–86–X–11, 3–86–0248.**

United States Bankruptcy Court,
M.D. Tennessee.

July 2, 1986.

Caldwell Hancock, Waddey & Jennings, Nashville, Tenn., for debtor.

John H. Bailey, III, Bass, Berry, & Sims, Nashville, Tenn., for Azuma.

Ruth M. Kinnard, Chambers Wyckoff & Beckner, Nashville, Tenn., for Banesto Banking Corp.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on referral from the district court in order to con-

duct an evidentiary hearing. Pursuant to 28 U.S.C.A. § 157(c)(1) and the district court's order of March 20, 1986, the following shall constitute proposed Findings of Fact, Conclusions of Law, and Recommendations.

The referral by the district court involves the motions of two unsecured creditors, Azuma, N.V. ("Azuma") and Banesto Banking Corporation ("Banesto"), to transfer the bankruptcy case of HME Records, Inc. ("debtor") to the Southern District of New York.

These venue motions were originally filed in the bankruptcy court. By order of February 6, 1986, Azuma's motion was denied because it appeared that 28 U.S.C.A. §§ 1408 and 1412 required the motion to be addressed to the district court. Azuma and Banesto then filed motions to transfer venue in the district court. The district court referred the matter back to this court and the motions were heard by this court on May 6.

## I.

Azuma and Banesto argue that venue is improper in the Middle District of Tennessee, pursuant to 28 U.S.C.A. § 1408 (West Supp.1986).[1] They further argue that even if the court determines venue is proper, it should be changed to New York because "justice or the convenience of the parties" dictate such a transfer. 28 U.S.C.A. § 1412 (West Supp.1986).[2]

At the hearing, Lawrence Pollack, current President and Chairman of the Board of the debtor, testified. An earlier deposition of Mr. Pollack was also introduced into evidence, as were the debtor's petition, schedules, and statements of affairs.

Upon consideration of the testimony presented at the hearing, exhibits, and the entire record, the court makes the following findings.

The debtor is a publicly-held New York corporation that formerly did business in New York City. Its business dwindled, and the debtor surrendered its New York City premises in August, 1985. Its books and records were thereupon stored in a bonded warehouse in New Jersey.

Mr. Pollack specializes in management consulting work for debtors-in-possession and other companies that need help in financial reorganizations. Because of this expertise, Mr. Pollack met with representatives of the debtor in October of 1985 to discuss his possible employment. On October 31, 1985, Mr. Pollack was elected President and Chairman of the Board of the debtor.

■ Mr. Pollack testified that during October, 1985, the debtor "moved" to Tennessee when it shipped its books and records from the New Jersey warehouse to Tennessee. However, Mr. Pollack also testified that the debtor's books and records were still in New Jersey one month later, when the debtor filed bankruptcy. Because the court looks to location of the debtor's "principal assets" to determine proper venue, this inconsistency in Mr. Pollack's testimony does not affect the court's holding.

On November 8, 1985, approximately 30 days after the October "move," the debtor filed a Chapter 11 bankruptcy petition in the Middle District of Tennessee.

The debtor's principal assets consist of approximately 400 master tapes of music

---

1. 28 U.S.C. § 1408. Venue of cases under title 11.

   Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
   (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than

the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
   (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

2. 28 U.S.C. § 1412. Change of venue.

   A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

artists' recordings. About one-fourth of the tapes are owned by the debtor directly; the others are owned by Memory Productions, Inc., a wholly-owned subsidiary of the debtor. This subsidiary is a Tennessee corporation.

Mr. Pollack testified that most of the 400 master tapes were stored in Tennessee at the date of bankruptcy. He further testified that these tapes had been located in Tennessee for at least a year, and perhaps as long as two or three years prior to bankruptcy. Most of these tapes remained in Tennessee at the date of the hearing.

A majority of the debtor's over 200 unsecured creditors are located in New York. Only a handful are located in Tennessee. Two of the debtor's current directors are from Tennessee; the other three are located in New York. Four directors who resigned in the last year were located in New York or New Jersey, as were two corporate officers who also resigned. A majority in amount and number of the debtor's five secured creditors are located in New York, including the largest.

## II.

Under Title 28 as amended in 1984, proper venue of a bankruptcy case is governed by 28 U.S.C.A. § 1408. This section permits commencement of a bankruptcy case in the district in which one of the following have been located for a longer portion of the 180 days preceding bankruptcy: 1) debtor's domicile; 2) debtor's residence; 3) debtor's principal place of business in the United States; or 4) debtor's principal assets in the United States.

■ The debtor argues that venue is proper in this district because its "principal assets" were located here for at least a year prior to bankruptcy. Despite the seeming incongruity of a pre-bankruptcy

3. In addition to the Tennessee location of the tangible master tapes, the court notes that the debtor's subsidiary corporation is incorporated in Tennessee. This largely dormant corporation appears to be "located" in Tennessee.

4. Case law interpreting 28 U.S.C.A. 1475, the corresponding provision prior to the 1984

debtor operating from New York while storing its master tapes in Tennessee, Mr. Pollack's testimony to this effect is uncontradicted. Since its principal assets[3] were located here during the 180 days preceding bankruptcy, venue is proper in the Middle District of Tennessee.

■ Discretionary transfer of venue between districts is now governed by 28 U.S.C.A. § 1412.[4] The party seeking transfer has the burden of proving by a preponderance of evidence that transfer is warranted in the interest of justice or for the convenience of the parties. *Frazier v. Lawyers Title Insurance Corp. (In re Butcher)*, 46 B.R. 109 (Bankr.N.D.Ga.1985).

Factors relevant to transfer of venue include:

(1) the proximity of creditors to the court;

(2) the proximity of the debtor to the court;

(3) the proximity of necessary witnesses;

(4) the location of assets; and

(5) the economics of administration of the estate.

*See Butcher*, 46 B.R. at 112; *In re Almeida*, 37 B.R. 186 (Bankr.E.D.Pa.1984); *Cole Associates, Inc. v. Howes Jewelers, Inc. (In re Cole Associates, Inc.)*, 7 B.R. 154 (Bankr.D.Utah 1980); and *McLemore v. Thomasson (In re Thomasson)*, 60 B.R. 629 (Bankr.M.D.Tenn.1986).

■ The most important of the factors listed above is "economic and efficient administration of the estate." *See Landmark Capital Co. v. North Central Development Co. (In re Landmark Capital Co.)*, 20 B.R. 220 (S.D.N.Y.1982), *aff'g, In re Landmark Capital Co.*, 19 B.R. 342 (Bankr.S.D.N.Y.1982); *In re Walston Airbusiness, Inc.*, 26 B.R. 955 (Bankr.N.D.Ill. 1983). This factor "encompasses all of the preceding factors." *In re Walston Airbusiness, Inc.*, 26 B.R. at 958 (quoting *In re*

Amendments, construed a virtually identical test for discretionary transfer of venue: "in the interest of justice *and* for the convenience of the parties." [Emphasis added]. The court believes such decisions are viable under Title 28 as amended.

*One-Eighty Investments, Ltd.,* 18 B.R. 725 (Bankr.N.D.Ill.1981). *See also, In re Consolidated Pier Deliveries, Inc.,* 34 B.R. 327 (Bankr.E.D.N.Y.1983).

■ In this case, movants have not carried their burden of proof. First, transfer of this case to New York would burden the estate with greatly increased expenses. Mr. Pollack testified that the debtor moved to Nashville because operating expenses are much less here than in New York. Regardless whether transfer would cause the debtor to relocate operations to New York, transfer would greatly increase expenses relating to administration of the bankruptcy case. Mr. Pollack lives in Tennessee. Travel costs to New York for court hearings would increase. Bankruptcy counsel in New York, a city legendary for the exorbitant cost of legal services, would have to be retained. These expenses would be incurred at a time when the debtor has few resources with which to pay. At the time of the hearing, the debtor had less than $1,000.00 in the bank.

Second, the reorganization can be more efficiently undertaken in Tennessee. The debtor has established relations at a local bank, and Mr. Pollack testified that the debtor intends to remain here. Its master tapes, office, and employees are located here. So, too, is a substantial concentration of recording artists and related industries. Mr. Pollack can also appear at local bankruptcy hearings at minimal cost to the estate in time and expense.

The court acknowledges that for some creditors this forum may be distant. However, unlike this court's recent decision in *McLemore v. Thomasson (In re Thomasson),* 60 B.R. 629 (Bankr.M.D.Tenn.1986), assets and officers of the debtor are located in this district. Further, movant creditors, one from New York and one from the Netherlands Antilles with a representative in New York, have been quite active in this case. The court anticipates their continued participation should the case be retained here, as well as by any other interested creditor wherever located.

In sum, factors relevant to discretionary transfer of venue militate in favor of retention of this case in the Middle District of Tennessee. Transfer would materially harm, if not destroy, the debtor's prospects of reorganization.

### III.

As noted above, this court deferred in February from hearing movants' venue motions, based on language in 28 U.S.C.A. §§ 1408 and 1412. Since that time, a bankruptcy decision in this district has held that in cases and core adversary proceedings, a bankruptcy court can exercise the power to transfer venue under § 1412. *McLemore v. Thomasson (In re Thomasson),* 60 B.R. 629 (Bankr.M.D.Tenn.1986).

This court recommends adoption of the *Thomasson* holding for future cases. This court also recommends that movants' application for change of venue be denied for reasons that venue is proper in the Middle District of Tennessee and that retention of the case is in the interest of justice or for the convenience of the parties.