## In re STANDARD TANK CLEANING CORP., Debtor.

### Bankruptcy No. 190–14015–260.

United States Bankruptcy Court, E.D. New York.

Dec. 27, 1990.

---

Harvis, Backenroth & Trien by Abraham Backenroth, New York City, for debtor.

Cari Jackson Wild and Mark A. Wenzler, Deputy Attys. Gen., State of N.J., Div. of Law, Dept. of Law and Public Safety, Trenton, N.J.

Al Dimino, Garden City, N.Y., Asst. U.S. Trustee.

## MEMORANDUM DECISION

CONRAD B. DUBERSTEIN, Chief Judge.

This matter concerns a motion for change of venue made by the New Jersey Department of Environmental Protection ("NJDEP") pursuant to 28 U.S.C. 1408, 1412 and Bankruptcy Rule 1014(a). The

United States Trustee for the Eastern District of New York joins NJDEP in requesting a change of venue. After a hearing held on December 11, 1990 and for the reasons stated below, this motion is granted.

## FACTS

Standard Tank Cleaning Corp., the debtor and debtor in possession, (the "Debtor" or "Standard Tank") operates a tank cleaning and wastewater processing facility in Bayonne, New Jersey. In the course of this business, the Debtor cleans storage tanks and removes tank wastes from marine vessels. Treated wastewater generated from its tank cleaning operations is discharged into the Kill Van Kull, a surface water of the State of New Jersey. On September 16, 1988, NJDEP ordered Standard Tank to pay a penalty of $175,000 for discharging wastewater into the Kill van Kull that contained pollutants in excess of permitted levels specified in its New Jersey Pollutant Discharge Elimination System and Discharge to Surface Water Permit (the "Permit"). On May 9, 1990 the State of New Jersey commenced a law suit against the Debtor to enjoin further violations of New Jersey environmental law and seeking monetary penalties. On June 19, 1990 the Chancery Division of the New Jersey Superior Court required the Debtor to pay the $175,000 fine. Presently the Debtor's maximum liability to NJDEP is $9.75 million.

Largely as a result of its problems with the state of New Jersey the Debtor filed in this court a petition for relief under chapter 11 of the bankruptcy code on September 19, 1990. The State of New Jersey is listed as one of the Debtor's 20 largest creditors but has not yet filed a claim. On October 19, 1990, Standard Tank instituted an Adversary Proceeding against NJDEP in this court. The Plaintiff/Debtor seeks a declaratory judgment barring the filing of any claim by Defendant/NJDEP unless $175,000 paid by the Debtor to it within 90 days of the filing of the petition in bankruptcy be returned together with interest and costs as a preferential transfer under § 547 of the Bankruptcy Code. Instead of answering the complaint, NJDEP made the present motion to transfer venue pursuant to F.R.Civ.P. 12(a), 12(b) and Bankruptcy Rule 7012(a).

## ISSUE

1. Is The Venue In This Case Properly In The Eastern District Of New York?

## DISCUSSION

Pursuant to 28 U.S.C. 1408, venue is proper in a case under title 11 in the district court in which the principal place of business, or principal assets of the entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding the commencement of the case.

The Debtor argues that venue is proper in the Eastern District of New York because its principal place of business is and has been located in Staten Island, New York for the 180 days prior to the filing of the petition. It maintains that in addition to its tank cleaning and wastewater processing facility in Bayonne New Jersey it also runs an oil spill cleanup business out of an office located at 2945 Richmond Terrace, Staten Island, New York 10303 where it operates a fleet of tugboats and other vessels docked in Staten Island. The Debtor's argues that it is the principal firm on the eastern seaboard that performs oil spill cleanup work.

During the hearing on the motion for change of venue held before this court on December 11, 1990, the Debtor stated that as a result of the ongoing dispute with the NJDEP little of the Debtor's revenue comes from its tank cleaning operation in New Jersey and that most of its revenue is generated by its business in Staten Island. The Debtor seeks to support its contention that its primary place of business is in Staten Island through the following facts:

(a) the Debtor's offices are located in Staten Island;

(b) the Debtor maintains substantial facilities on Staten Island for its emergency response team for the clean up of oil

spills, including a substantial amount of equipment and storage booms;

(c) during the most recent fiscal periods, a substantial part, if not the dominant part, of the debtor's profit was earned by the Debtor's Staten Island-based emergency response oil spill clean-up business;

(d) the Debtor's books and records are prepared and maintained in Staten Island;

(e) the management of the activities of the Debtor's operations and directions regarding the receipts and disbursements with regard to the operations are in Staten Island;

(f) the Debtor's budgets, financial reports, operating reports, tax returns and financial forecasts, are generated from the Debtor's offices in Staten Island;

(g) the accounting of the Debtor's business occurs in Staten Island; and

(h) the marketing plans and future plans for the Debtor are determined in Staten Island.

In the course of the hearing facts came to light indicating that the Debtor is neither the owner nor the operator of the Staten Island facility. Counsel for the State of New Jersey informed this court that the Debtor is one of 30 or 40 subsidiaries of Standard Marine Services, Incorporated, that the parent corporation and a number of its subsidiaries perform virtually the same types of services as the Debtor, that the parent corporation along with General Marine Corporation, one of its subsidiaries, not the Debtor, perform the oil clean up services, and finally it is the parent corporation, not the Debtor, which owns the property located in Staten Island.

NJDEP also indicated that each of Standard Tank's officers and directors have certified in writing to the State of New Jersey that Standard Tank conducts all of its business from its Bayonne, New Jersey location and that there are no other locations in any other jurisdiction where it conducts business. That certification was submitted in 1987. Standard tank is obligated to update that information annually. The most recent update was submitted in March of 1990, in which Standard Tank continued to represent to the State of New Jersey that the totality of its operations were located in Bayonne, New Jersey. NJDEP stated at the hearing that if Standard Tank mispresented the location of its principal place of business to the State of New Jersey, the Debtor is subject to Permit revocation.

Additionally, the U.S. Trustee in its support of the motion to transfer venue noted that although the Debtor's petition states that its mailing address is 2945 Richmond Terrace and that it maintains a place of business at that address, the petition does not state that the Debtor's *principal* place of business is at 2945 Richmond Terrace. It was also noted that the Debtor's tax returns were filed in New Jersey. They indicate that all the books and records are kept at One Ingham Road in Bayonne, New Jersey. All of the Debtor's insurance contracts provided to the U.S. Trustee indicate that the Debtor's business address is One Ingham Road, Bayonne, New Jersey.

At the Hearing this court was informed by counsel for the Debtor that substantial activity and assets associated with an oil spill cleanup operation are in New York. However, as has already been noted at the outset, this court has learned that such operation is conducted by a corporate entity other than the Debtor. It is not refuted that the Debtor does have a filtration plant and other property in New Jersey and has indicated on many documents that its principal place of business is in Bayonne New Jersey.

Based on the facts presented in the Hearing held before this court on December 11, 1990 and the supporting papers submitted, this court finds that the Debtor's principal place of business is located in New Jersey. Therefore venue is proper in the District of New Jersey.

### ISSUE

2. Should This Case Be Transferred To The District of New Jersey In The Interest Of Justice And For The Convenience of The Parties?

### DISCUSSION

"A district court may transfer a case or proceeding under title 11 to a district court

for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Bankruptcy Rule 1014(a) states if a petition is filed, whether in a proper or improper district, on timely motion of a party in interest, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

As stated in *In re Consolidated Pier Deliveries, Inc.*, 34 B.R. 327, 328 (Bankr.E. D.N.Y.1983):

> The factors considered by courts in evaluating the appropriateness of a venue change based on the convenience of the parties and the interests of creditors are:
> 1. Proximity of creditors of every kind to the court.
> 2. Proximity of the debtor to the court.
> 3. Proximity to the court of the witnesses necessary to the administration of the estate
> 4. Location of the Debtor's assets
> 5. The economic and efficient administration of the estate.

The movant and the U.S. Trustee point out that it would be in the best interests of the creditors to have the case transferred to the District of New Jersey. Standard Tank lists 47 creditors, the majority of which are New Jersey entities. Specifically, there are 26 New Jersey creditors (55%), 8 New York creditors (17%) 6 Pennsylvania creditors (13%) and seven creditors from other states (15%). In addition, New Jersey creditors, excluding NJDEP, bear the greatest portion of the total value of claims for the 20 largest creditors amounting to approximately $595,446. NJDEP is listed in the Debtor's schedule of twenty largest unsecured creditors as having a disputed claim in an undetermined amount. However at the hearing NJDEP stated that Standard Tank's potential maximum liability owed to it is approximately $9.75 million which would make it by far the largest single creditor.

The attorney for the Debtor noted at the hearing that the many creditors he spoke with indicated that they want the case to continue in New York and that he had received letters urging that the case should remain in this court. Six of these letters were received by this court. It is obvious that someone ostensibly on behalf of the Debtor communicated with the letter-writers suggesting the tone, nature and contents of the letter because basically they are all the same. Each letter states, *inter alia*, that transferring the case will lead to needless disruption and delay, that each company has obtained legal counsel in New York, and the cost of the transfer would impose additional legal expenses which it cannot afford. This Court knows of no reason why the creditors need individual counsel in this case, certainly not at this time if ever at all. Moreover, one letter comes from a creditor located in Pennsylvania which may be lot closer to the Bankruptcy Court in New Jersey than this court here in Brooklyn. Five of the letters are from creditors located in New Jersey. It's odd that creditors from New Jersey ask that the case be retained in New York.

In addition to everything else a major lawsuit is pending in the Superior Court, Chancery Division, Hudson County New Jersey where the plaintiff NJDEP is suing the defendant Standard Tank for violation of the States environmental laws. Were this court inclined to deny the transfer motion and keep this case here it undoubtedly would abstain from trying the issues of that suit, lift the stay and permit it to be tried in the New Jersey court. But this Court is not inclined to deny the transfer motion and leaves the question of abstention to the New Jersey Bankruptcy court to which this case would be assigned.

For all of the reasons hereinabove stated the motion to transfer venue is granted. Submit order in conformity with this opinion.